UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Desiree M., | Case No. 22-CV-2132 (ECT/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

---

Pursuant to 42 U.S.C. § 405(g), Plaintiff Desiree M. seeks judicial review of a final decision by the Defendant Acting Commissioner of Social Security, who denied the Plaintiff's application for disability insurance benefits ("DIB"). The matter is now before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 15) and Defendant's Motion for Summary Judgment (Dkt. No. 24). Plaintiff raises one issue for judicial review: that the Administrative Law Judge ("ALJ") who issued the final decision did not properly explain how the ALJ considered a medical opinion from Dr. Amy Hilde-Philips, as required by 20 C.F.R. § 404.1520c. Defendant opposes Plaintiff's motion and asks the Court to affirm the final decision. As set forth below, the Court concludes that the ALJ did not adequately consider and articulate the supportability and the consistency factors of § 404.1520c(c) and therefore recommends that the Commissioner's final decision be reversed and the matter be remanded to the Social Security Administration for further proceedings consistent with this Report and Recommendation.

1

I.   **Background**

   A.   **The Medical Opinion of Dr. Amy Hilde-Philips**

Dr. Amy Hilde-Philips treated Plaintiff for migraines as well as for pain and mobility limitations in her feet and ankles. (Soc. Sec. Admin. R. (hereinafter "R.") 390, 395, 432, 437, 482, 485, 501, 508.)[1] On June 15, 2021, Dr. Hilde-Philips gave her opinion of how Plaintiff's physical impairments affected her physical abilities on a Medical Source Statement form. (R. 503–07.)

Dr. Hilde-Philips opined that, in an 8-hour workday, Plaintiff's ability to lift and carry things frequently or occasionally would be limited to less than 10 pounds and further limited to no more than one-third of the workday, that Plaintiff could stand or walk less than 2 hours, and that Plaintiff could sit for an unlimited amount of time. (R. 503.) Further, the doctor opined, Plaintiff could sit for 60 minutes before needing to change positions, could stand for 5 to 10 minutes before needing to change positions, and would need to walk around every 45 to 60 minutes for 5 to 10 minutes at a time (R. 504.) Plaintiff would also need to be able to shift at will between sitting, standing, and walking; lie down every one to two hours, if standing during the workday; and elevate her feet or legs to knee level at times. (R. 504.) Plaintiff could never crouch, climb stairs, climb ladders, or use repetitive foot controls with her left foot, but she could occasionally twist, stoop, rotate her neck, flex her neck, and use repetitive foot controls with her right foot. (R. 505.) With respect to

---

[1] The administrative record is filed at Dkt. No. 12. The record is consecutively paginated, and the Court cites to that pagination rather than ECF number and page.

environmental restrictions, Plaintiff should avoid all exposure to extreme cold, extreme heat, wetness, vibration, and hazards, and also avoid moderate exposure to humidity, noise, and fumes, odors, dusts, gases, and poor ventilation. (R. 506.) Finally, Dr. Hilde-Philips believed that Plaintiff would be absent more than three times a month due to her impairments. (R. 506.)

Dr. Hilde-Philips listed the medical conditions causing these limitations as (1) a combination of bilateral foot pain, talonavicular joint arthrodesis with a history of calcaneus fracture with fusion, tarsometatarsal joint fusion, and screws placed in the distal fibula, with mechanical and neuropathic components; and (2) migraines. (R. 504.) In addition, impaired cognition could be a side effect of pain medication. (R. 506.)

Dr. Hilde-Philips also wrote a letter to accompany the Medical Source Statement, stating that Plaintiff had "extreme limitations on her mobility" due to chronic left foot pain. (R. 501.) Simply standing or walking could exacerbate Plaintiff's pain, and pain medication affected her cognition and ability to function. (R. 501.) Plaintiff's pain was chronic and occurred daily, Dr. Hilde-Philips wrote. (R. 501.)

### B.  Procedural History

On November 16, 2020, Plaintiff applied for DIB, alleging impairments due to migraines and to her left foot, back, neck, and hip. (*See* R. 84.) Plaintiff's applications were denied at both the initial review and reconsideration stages. Plaintiff then sought review by an ALJ. A hearing was held before an ALJ on November 16, 2021 (R. 54), and the ALJ issued a written decision on November 26, 2021, concluding that Plaintiff was not disabled (R. 27–40.)

The ALJ followed the familiar five-step sequential analysis outlined in 20 C.F.R. § 404.1520. At each step, the ALJ considered whether Plaintiff was disabled based on the criteria of that step. If she was not, the ALJ proceeded to the next step. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since August 14, 2020. (R. 32.) At the second step, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease of the pelvis; left talonavicular arthrodesis; status post-removal of left foot hardware; and migraines. (R. 32.) At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I. (R. 16.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), which is a measure of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing Plaintiff's RFC, the ALJ found that the disabling limitations that Plaintiff alleged were not supported by objective medical findings, observations by her providers, the treatment she received, or her daily activities. (R. 35, 38.) The ALJ considered Dr. Hilde-Philips' opinion and found it "not entirely persuasive":

> The opinion at Exhibit 8F from Amy Hilde-Philips, MD, is not entirely persuasive. Many of the limitations opined have been incorporated into the residual functional capacity. Others are not supported by the record and are logically inconsistent (for example, she opines that the claimant can stand or walk less than two hours in an eight-hour workday, but then goes on to opine that she must walk every 45 minutes for 10 minutes, which could exceed the overall recommendation for walking[)]. The opinion was also issued on June 15, 2021, shortly after hardware removal surgery, and does not address any anticipated post-surgical improvement.

4

(R. 38–39.)[2]

> The ALJ articulated Plaintiff's RFC as follows:
>
> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except stand or walk up to two hours in an eight-hour workday; sit up to eight hours in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; and never push/pull or operate foot controls with the left lower extremity. She must be able to wear dark glasses when working outdoors in bright sunlight. She can work in an environment with no more than a moderate noise level as defined in The Selected Characteristic of Occupations. She requires the ability to alternate between sitting and standing every hour for one to two minutes in the immediate vicinity of the workstation. She can never be exposed to concentrated levels of extreme cold, extreme heat, wetness, humidity, vibrations, fumes, odors, dusts, gases, poor ventilation or other pulmonary irritants; and can never be exposed to hazards such as moving machinery and unprotected heights; and requires the ability to elevate the leg to knee level during breaks and lunch.

(R. 34.) With this RFC, the ALJ concluded, Plaintiff could not perform any of her past relevant work, but she could work as a document preparer, call out operator, or table worker. (R. 40.) Consequently, the ALJ found Plaintiff not disabled.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. 1.) This made the ALJ's decision the final decision of the Commissioner for the purpose of judicial review.

---

[2] The hardware removal surgery to which the ALJ referred was performed by Dr. Fernando Pena on April 21, 2021. (R. 543.) Four screws were removed from Plaintiff's left foot to alleviate pain and discomfort. (R. 543–44.)

5

**II.    Legal Standards**

Judicial review of the Commissioner's denial of benefits is limited to determining whether substantial evidence in the record as a whole supports the decision, 42 U.S.C. § 405(g), or whether the ALJ committed an error of law, *Nash v. Commissioner, Social Security Administration*, 907 F.3d 1086, 1089 (8th Cir. 2018). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). The Court must examine "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The Court may not reverse the ALJ's decision simply because substantial evidence would support a different outcome or because the Court would have decided the case differently. *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). In other words, if it is possible to reach two inconsistent positions from the evidence and one of those positions is that of the Commissioner, the Court must affirm the decision. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

A claimant has the burden to prove disability. *See Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). To meet the definition of disability for DIB and SSI, the claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). The disability, not

just the impairment, must have lasted or be expected to last for at least twelve months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

Title 20 C.F.R. § 404.1520c sets forth the standards under which an ALJ reviews medical opinion evidence such as Dr. Hilde-Philips' opinion. An ALJ considers how "persuasive" an opinion is according to five factors: supportability, consistency, relationship with the claimant, specialization, and any other relevant factors. 20 C.F.R. § 404.1520c(c)(1)–(5). The "most important factors" are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The regulatory language pertaining to supportability provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In evaluating consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). In other words, supportability looks to how well the medical source justifies their own opinion, and consistency looks to how well the medical source's opinion fits with evidence from other sources.

Given that the supportability and consistency factors are the most important factors to the persuasiveness determination, an ALJ "*will explain how* [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . ." 20 C.F.R. § 404.1520c(b)(2) (emphasis added). "The ALJ need not use the magic words of

7

'supportability' and 'consistency,' but it must be clear they were addressed." *Svendsen v. Kijakazi*, No. 1:21-CV-1029-CBK, 2022 WL 2753163, at *8 (D.S.D. July 14, 2022). The ALJ's failure to articulate how he or she considered these factors is a legal error that warrants remand. *Susan H. v. Kijakazi*, No. 21-CV-2688 (ECT/ECW), 2023 WL 2142786, at *3 (D. Minn. Feb. 21, 2023); *Michael B. v. Kijakazi*, No. 21-CV-1043 (NEB/LIB), 2022 WL 4463901, at *2 (D. Minn. Sept. 26, 2022); *Joel M. B. v. Kijakazi*, No. 21-CV-1660 (PAM/ECW), 2022 WL 1785224, at *3 (D. Minn. June 1, 2022) (citing *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020)).

### III. Discussion

Plaintiff argues that the ALJ failed to properly consider the persuasiveness of Dr. Hilde-Philips' opinion as required by 20 C.F.R. § 404.1520c. (Pl.'s Mem. Supp. Mot. Summ. J. at 12, Dkt. No. 16.) First, she argues that the ALJ did not consider and articulate the "supportability" and "consistency" factors. (*Id.* at 12, 17 (citing 20 C.F.R. § 404.1520c(a).) Second, she argues that the ALJ misstated or omitted from the RFC some of the functional limitations found by Dr. Hilde-Philips. (*Id.* at 15.)

#### A.   The Consistency and Supportability Factors

The ALJ articulated three reasons why Dr. Hilde-Philips' opinion was "not entirely persuasive": (1) Dr. Hilde-Philips' finding that Plaintiff could stand or walk less than 2 hours in an 8-hour workday was "logically inconsistent" with her finding that Plaintiff would need to walk around every 45 to 60 minutes; (2) "other" limitations were not supported by the record; and (3) the opinion did not address any anticipated post-surgical improvement.

The Court begins with the ALJ's first articulated reason: that some of the limitations found by Dr. Hilde-Philips were "logically inconsistent" with other limitations in her opinion. The only example of a logical inconsistency given by the ALJ was the standing-and-walking limitations in Dr. Hilde-Philips' opinion. But the consistency factor is concerned with whether limitations are consistent with evidence from *other* sources, not the same source. *See* 20 C.F.R. § 404.1520c(c)(2) ("Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). Therefore, to satisfy the consistency requirement, the ALJ was required to articulate how consistent Dr. Hilde-Philips' opinion was with "other medical sources and nonmedical sources," and the ALJ did not do so. This was a legal error.

The "logically inconsistent" reason for finding Dr. Hilde-Philips' opinion "not entirely persuasive" is also not supported by substantial evidence in the record, because the two walking limitations are not, in fact, "logically inconsistent." The ALJ wrote that Dr. Hilde-Philips opined that Plaintiff "must walk every 45 minutes for 10 minutes." (R. 38.) That was not accurate. The limitation actually opined by Dr. Hilde-Philips was that Plaintiff would need to walk around every *45 to 60* minutes, for *5 to 10* minutes at a time. (R. 504.) If, for example, Plaintiff walked for 5 minutes every 60 minutes, that would not exceed the overall 2-hour limitation on walking. Thus, the ALJ's finding that the two limitations are logically inconsistent is not supported by substantial evidence.

9

The Court now turns to the second reason the ALJ gave for finding Dr. Hilde-Philips' opinion "not entirely persuasive": that "other" limitations were not supported by the record. This statement is not a sufficient articulation of supportability. Without some explanation from the ALJ that includes references to treatment notes or other record evidence, the Court cannot determine whether the ALJ's consideration of the supportability factor is supported by substantial evidence. *See Susan H.*, 2023 WL 2142786, at *3.

The third reason given by the ALJ for finding Dr. Hilde-Philips' opinion "not entirely persuasive" was that Dr. Hilde-Philips rendered the opinion after Plaintiff's hardware removal surgery on April 21, 2021, but did not address any "anticipated post-surgical improvement." To the extent that the ALJ intended this sentence to cover the consistency factor, the Court finds that the ALJ's consideration is not supported by substantial evidence. The ALJ did not identify in her consideration of Dr. Hilde-Philips' opinion any records showing post-surgical improvement, nor did the ALJ articulate how any such records would be inconsistent with Dr. Hilde-Philips' opinion.

In sum, the ALJ erred in her consideration and articulation of the supportability and consistency factors of 20 C.F.R. § 404.1520c, and the matter should be remanded.

### B. Omitted or Misstated Functional Limitations

Plaintiff argues that the ALJ omitted from the RFC some of the functional limitations set forth in the Medical Source Statement completed by Dr. Hilde-Philips. (Pl.'s Mem. at 15.) The omitted limitations, as identified by Plaintiff, were (1) lifting and carrying less than 10 pounds on an occasional basis; (2) lifting and carrying less than 10 pounds on a frequent basis; (3) lying down every 1 to 2 hours, if standing at work; and

(4) being absent from work more than 3 days a month. (*See id.* at 15–16; R. 503–04, 506.) Plaintiff identifies other limitations from the Medical Source Statement that the ALJ supposedly misstated in the RFC: (1) changing positions after sitting for 60 minutes or after standing for 5 to 10 minutes; (2) walking for 5 to 10 minutes every 45 to 60 minutes; and (3) shifting at will from sitting to standing or walking. (Pl.'s Mem. at 16; R. 504.)

Defendant responds that the ALJ properly rejected these limitations as not supported or inconsistent with other evidence. (Def.'s Mem. Supp. Mot. Summ. J. at 6, Dkt. No. 25.) The Court has already found the ALJ's consideration and articulation of the supportability and consistency factors flawed, however, and this argument therefore fails.

Defendant next suggests that Dr. Hilde-Philips' use of a check-the-box form "warrants little evidentiary weight." (*Id.* at 7.) While it is true that an ALJ can find an opinion unpersuasive due to the use of a check-the-box form, *see Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023), the ALJ did not articulate that reason here. Furthermore, unlike the check-the-box form in *Nolen*, Dr. Hilde-Philips' form did not leave blank the short-answer sections asking for supporting medical findings. Not only did Dr. Hilde-Philips answer the questions, but she also wrote a letter summarizing relevant medical findings.

Defendant points out that the record is unclear whether Dr. Hilde-Philips saw Plaintiff after the surgery but before completing the form. (Def.'s Mem. at 7.) If that is true, the ALJ on remand may certainly take that into consideration, but the ALJ apparently did not consider that point in the November 26, 2021 decision.

Finally, Defendant observes that an ALJ need not explicitly discuss each limitation contained on a form. (*Id.* at 7–8.) That is true, but the Court is recommending remand because the ALJ did not adequately articulate and consider the supportability and consistency factors of 20 C.F.R. § 404.1520c, not because of a failure by the ALJ to address each and every limitation.

IV.   **Recommendation**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Desiree M.'s Motion for Summary Judgment (Dkt. No. 15) be **GRANTED**;

2. Defendant's Motion for Summary Judgment (Dkt. No. 24) be **DENIED**;

3. The Commissioner's decision be **REVERSED** and the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for consideration of Dr. Amy Hilde-Philips' medical opinion pursuant to 20 C.F.R. § 404.1520c; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.

Date: December 18, 2023            *s/ John F. Docherty*
                                   JOHN F. DOCHERTY
                                   United States Magistrate Judge

**NOTICE**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and therefore is not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written

objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days of being served a copy. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).